**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4367**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO XAVIER WILSON, a/k/a Push It,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Terry L. Wooten, Senior District Judge.  (3:19-cr-00986-TLW-7)

Submitted:  May 23, 2023                                      Decided:  May 25, 2023

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF**: Justin M. Kata, Columbia, South Carolina, for Appellant.  Benjamin Neale Garner, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Xavier Wilson pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. The district court sentenced him to 175 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Wilson's guilty plea is valid and whether his sentence is reasonable. Wilson was informed of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss Wilson's appeal pursuant to the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, confirms that Wilson knowingly and intelligently waived his right

2

to appeal his conviction and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including the sentencing issue raised by *Anders* counsel.

The waiver provision, however, does not preclude our review pursuant to *Anders* of the validity of the guilty plea. *See id.* at 364. We therefore deny in part the Government's motion to dismiss. Because Wilson did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Our review of the record leads us to conclude that Wilson entered his guilty plea knowingly and voluntarily, that a factual basis supported the plea and all elements of his offense, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Wilson's valid appellate waiver. We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*